UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTEBAN QUIROZ, | ) |
| | ) CASE NO. C11-0196-JCC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| STEVE JEWITT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

*Pro se* plaintiff Esteban Quiroz, a state prisoner who was incarcerated in a Special Offender Unit, filed a 42 U.S.C. § 1983 action alleging that he was being involuntarily medicated in violation of his right to due process and seeking only injunctive relief. (Dkt. 10.) Defendants—psychiatrist Dr. Steve Jewitt and treating provider Advanced Registered Nurse Practitioner Shana Cantoni—moved for summary judgment with medical documentation supporting the administration of involuntary antipsychotic medication. (Dkt. 18.) In response, Mr. Quiroz filed a two-page document contending that defendants were lying and that he was never suicidal or a risk to hurt others. (Dkt. 19.) More recently, he sent a letter stating he was no longer incarcerated, was doing well, and wanted to drop the suit. (Dkt. 21.) The Court recommends DISMISSING this case without prejudice for mootness because the Court

can no longer provide the injunctive relief he sought and STRIKING defendants' motion for summary judgment as moot. Alternatively, the Court recommends granting summary judgment in favor of defendants because Mr. Quiroz has failed to demonstrate a genuine issue of material fact that his right to due process was violated.

**I.  BACKGROUND**

In March 2011, the Court ordered Mr. Quiroz to show cause why his § 1983 complaint should not be dismissed for failure to prosecute because he had failed to correct a deficiency in his *in forma pauperis* ("IFP") application and had suggested in a letter that he did not want to pursue relief because he would only be incarcerated for seven more months. (Dkt. 5; *see* Dkt. 4.) Several weeks later, Mr. Quiroz corrected the IFP deficiency and his complaint was served. (Dkts. 6, 8, 9.) In September 2011, defendants moved for summary judgment, attaching voluminous documentation that supported the involuntary administration of antipsychotic medication to Mr. Quiroz—after having provided him with an Involuntary Antipsychotic Hearing ("IAH")—based on his Schizoaffective Disorder and concerns about Mr. Quiroz being a danger to himself, others, and property. (Dkts. 18, 18-2.) In response, Mr. Quiroz filed a two-page statement that alleged that defendants were lying. (Dkt. 19.)

On December 16, 2011, Mr. Quiroz sent a letter that read in-full:

> I want to know how much I owe from that $350 [filing fee.]
> I[']m out []now and I[']m doing good and I want to drop the suit if that is possible[.]
> I know that it[']s not going any[]where[.]

(Dkt. 21, at 1.)

///

## II. DISCUSSION

The Court presumes that defendants would oppose Mr. Quiroz's motion to voluntarily dismiss this matter were his letter to be construed as such because they have fully briefed the merits and would prefer to preclude Mr. Quiroz from filing in the future a civil suit for damages. *See generally* Fed. R. Civ. P. 41(a)(2). Nonetheless, Mr. Quiroz's letter and his complaint demonstrate that the only relief he has ever sought—injunctive relief against being medicated involuntarily—has been mooted by his release. The Court therefore *sua sponte* recommends dismissing this matter without prejudice as moot. Alternatively, should the district court choose to consider the merits, defendants are entitled to summary judgment because their documentation shows that Mr. Quiroz was afforded all the process he was due.

**A. Dismissal for Mootness**

In his § 1983 complaint, Mr. Quiroz sought only injunctive relief: "Make them stop forcing me to take medications against my will." (Dkt. 10, at 4.) Because Mr. Quiroz is no longer incarcerated, defendants can no longer involuntarily medicate him and this case is moot.

The Court must raise *sua sponte* questions of subject matter jurisdiction such as mootness. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002). "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Porter v. Jones*, 319 F.3d 483, 489 (9th Cir. 2003) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001)). Mr. Quiroz's release extinguishes his legal interest in an injunction because it would have no effect on him. *See Bernhardt*, 279 F.3d at 871. Even before his case was officially filed, Mr. Quiroz expressed ambivalence toward pursuing this action because it would soon be mooted by his release,

telling the Court to "cancel it if you wish." (Dkt. 4, at 1.) His December 2011 letter confirms that he lacks a cognizable interest in this lawsuit because he has been released. (Dkt. 21, at 1.)

The Court recommends dismissing this matter without prejudice because the injunctive relief that Mr. Quiroz sought has been mooted by his release.

**B.     Summary Judgment**

Alternatively, the Court recommends granting defendants' motion for summary judgment.[1] In the context of involuntary medication, due process is satisfied if the inmate is provided with notice, the right to be present at an adversarial hearing, and the right to present and cross-examine witnesses. *See Washington v. Harper*, 494 U.S. 210, 221–22 (1990). Defendants have demonstrated that Mr. Quiroz was afforded all the process that he was due. (Dkt. 18-2, at 1–79.) Mr. Quiroz has presented no evidence aside from conclusory statements to contradict defendants' documentation. (Dkt. 19.) If the district court chooses to consider this case on the merits, the Court recommends granting summary judgment in favor of defendants.

### III.     CONCLUSION

The Court recommends DISMISSING this case without prejudice for mootness because the Court can no longer provide the injunctive relief he sought and STRIKING defendants' motion for summary judgment as moot. Alternatively, the Court recommends granting

---

[1] Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence is viewed and reasonable inferences are drawn in the light most favorable to the nonmoving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The nonmovant must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see* Fed. R. Civ. P. 56(c). The mere existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

01 summary judgment in favor of defendants because Mr. Quiroz has failed to demonstrate a
02 genuine issue of material fact that his right to due process was violated.  A proposed order
03 accompanies this Report and Recommendation.
04     DATED this 4th day of January, 2012.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge